EXHIBIT "A"

PAGE **1** OF **3**   ☒ Fatal   **New Jersey Police Crash Investigation Report**   ☒ Reportable   ☐ Non-Reportable   ☐ Change Report

| 1 Case Number | 10 Crash Occurred On: | STATE HIGHWAY | N | 11 Speed Limit 55 | 0440 | 000.01 |
|---|---|---|---|---|---|---|
| 21R167990 | | | | | | |

2 Police Dept of: **NJ STATE POLICE**   Code **02**
☐ At Intersection With _____ Road Name _____ Dir ___ 12 Route No. ___ Suffix 13 Milepost ___ 18 Speed Limit

3 Station/Precinct **B130**
☐ Feet ☐ Miles   N ☐ E ☐ of:   S ☐ W ☐   19 Ramp ☐ To / From:   17 Cross Road Name
NB ☐ EB ☐   SB ☐ WB ☐

| 4 Date of Crash mm dd yy | 5 Day Of Week | 6 Time (use 2400 hrs) | 7 Municipality Code | 8 Total Killed | 9 Total Injured | 21 Latitude | 22 Longitude |
|---|---|---|---|---|---|---|---|
| 07/26/21 | MONDAY | 0528 | 1205 | 1 | | | |

| 23 Veh # | 24 Policy No. | 25 NJ Ins. Code | 53 Veh # | 54 Policy No. | 55 NJ Ins. Code |
|---|---|---|---|---|---|
| **1** | 4587595192 | 100 | **2** | 029371165 | * |

Veh 1: ☐ Parked ☐ Ped ☐ Pedakcylist ☐ Resp To Emergency ☐ Hit & Run
Veh 2: ☐ Parked ☐ Ped ☐ Pedakcylist ☐ Resp To Emergency ☐ Hit & Run

| 26 Driver's First Name | Initial | Last Name | 58 Sex | 56 Driver's First Name | Initial | Last Name | 59 Sex |
|---|---|---|---|---|---|---|---|
| TERRANCE | R | ERWIN - | F | DENNIS | R | BROWN - | M |

27 Number & Street **426 BROOK CT; PLAINFIELD CITY-UNI**   57 Number & Street **140 ULERY ROAD**

| 28 City | State | Zip | 58 City | State | Zip |
|---|---|---|---|---|---|
| PLAINFIELD | NJ | 07060 | ACME | PA | 15610 |

| 30 Eyes | DL Class | Restrictions | Endorsements | 31 State | 60 Eyes | DL Class | Restrictions | Endorsements | 61 State |
|---|---|---|---|---|---|---|---|---|---|
| 02 | D | - | - | NJ | 04 | A | - | - | PA |

| 32 Driver's License Number | 33 DOB mm dd yyyy | 34 Expires | 62 Driver's License Number | 63 DOB mm dd yyyy | 64 Expires yy |
|---|---|---|---|---|---|
| E76957337951602 | 01/14/1960 | 03 22 | 13013045 | 12/04/1946 | 12 22 |

35 Owner's First Name ☐ Same As Driver **TERRANCE** R **ERWIN** -
65 Owner's First Name ☒ Same As Driver **DENNIS** R **BROWN** -

36 Number & Street **426 BROOK CT; PLAINFIELD CITY-UNI**   66 Number & Street **140 ULERY ROAD**

| 37 City | State | Zip | 67 City | State | Zip |
|---|---|---|---|---|---|
| PLAINFIELD | NJ | 07060 | ACME | PA | 15610 |

| 38 Make | 39 Model | 40 Color | 41 Year | 42 Plate No. | 43 State | 68 Make | 69 Model | 70 Color | 71 Year | 72 Plate No. | 73 State |
|---|---|---|---|---|---|---|---|---|---|---|---|
| HOND | GOL | WT | 2018 | 4HMD5 | NJ | WEST | TT | BK | 2001 | AG94929 | PA |

| 44 VIN | 45 Expires | 74 VIN | 75 Expires |
|---|---|---|---|
| JH2SC7954JK000166 | 08 22 | 5CKPDD3J51C100403 | 05 22 |

46 Vehicle Removed to **B & L**   76 Vehicle Removed To **B & L**

Veh 1: ☐ Driven ☐ Towed Disabled ☐ Towed Disabled & Impounded / ☐ Left At Scene ☒ Towed Impounded
Veh 2: ☐ Driven ☐ Towed Disabled ☐ Towed Disabled & Impounded / ☐ Left At Scene ☒ Towed Impounded

47 Authority ☐ Owner ☐ Driver ☒ Police   77 Authority ☐ Owner ☐ Driver ☒ Police

48 Alcohol/Drug Test Given: No ☐ Yes ☒ Refused ☐   Type: ☐ Breath ☒ Blood ☐ Urine   Results: 0. - % ☒ Pending
78 Alcohol/Drug Test Given: ☒ No ☐ Yes ☐ Refused   Type: ☐ Breath ☐ Blood ☐ Urine   Results: 0. - % ☐ Pending

49 Hazardous Material ☒ None ☐ On Board ☐ Spill   Hazard Class ___ Placard No. ___
79 Hazardous Material ☒ None ☐ On Board ☐ Spill   Hazard Class ___ Placard No. ___

50 Carrier No. ☐ USDOT ___ ☐ None ☐ MC/MX ___
51 GVWR/GCWR ☐ Weight <= 10,000 lbs ☐ Weight 10,001-26,000 lbs ☐ Weight >= 26,001 lbs
80 Carrier No. ☒ USDOT **668487** ☐ None ☐ MC/MX **375322**
81 GVWR/GCWR ☐ Weight <= 10,000 lbs ☐ Weight 10,001-26,000 lbs ☒ Weight >= 26,001 lbs

52 Motor Carrier or Government Entity: ___   82 Motor Carrier or Government Entity **DENNIS R BROWN**

Number & Street: ___   Number & Street **140 ULERY ROAD**

| City | State | Zip | City | State | Zip |
|---|---|---|---|---|---|
| | | | ACME | PA | 15610 |

135 Damage To Other Property ☐ Yes (If Yes, describe) ☒ No

| Oper. | 136 Charge | 137 Summons No. | Oper. | 138 Charge | 139 Summons No. |
|---|---|---|---|---|---|
| | | | | | |
| Oper. | 140 Charge | 141 Summons No. | Oper. | 142 Charge | 143 Summons No. |
| | | | | | |

| | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | Names & Addresses of Occupants - If Deceased, Date & Time of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | V1 | 01 | 03 | 01 | 61 | F | 12 | 99 | - | 08 | 08 | - | | TERRANCE R ERWIN / 426 BROOK CT; PLAINFIE PLAINFIELD NJ 07060 07/26/2021 0548 |
| B | V2 | 01 | 03 | 05 | 74 | M | - | - | - | 11 | 04 | - | | DENNIS R BROWN / 140 ULERY ROAD ACME PA 15610 - |
| C | | | | | | | | | | | | | | |
| D | | | | | | | | | | | | | | |

**New Jersey Police Crash Investigation Report**   ☒ Reportable   ☐ Non-Reportable   ☐ Change Report

PAGE **2** OF **3**   ☒ Fatal

| 1 Case Number | | |
|---|---|---|
| 21R167990 | | |

10 Crash Occurred On: **STATE HIGHWAY**   N   11 Speed Limit **55**   12 Route No. **0440**   13 Milepost **000.01**

2 Police Dept of **NJ STATE POLICE**   Code **02**

At Intersection With   Road Name   Dir

3 Station/Precinct **B130**

☐ Feet   ☐ Miles   14   19 Ramp   To / From:   17 Cross Road Name

4 Date of Crash mm dd yyyy **07/26/21**   5 Day Of Week **MONDAY**   6 Time (use 2400 hrs) **0528**   7 Municipality Code **1205**   8 Total Killed **1**   9 Total Injured   20 Route/Name   21 Latitude   22 Longitude

23 Veh # **3**   24 Policy No. **809224307**   54 NJ Ins. Code **012**   53 Veh # **4**   54 Policy No.   55 NJ Ins. Code **01**

☐ Parked ☐ Ped ☐ Pedalcyclist ☐ Resp To Emergency ☐ Hit & Run

26 Driver's First Name **RAFAEL**  Initial **A**  Last Name **AYALA**  –  29 Sex **M**

27 Number & Street **106 PLEASANT VIEW DRIVE**

28 City **PISCATAWAY**   State **NJ**   Zip **08854**

30 Eyes **02**   DL Class **D**   Restrictions –   Endorsements –   31 State **NJ**

32 Driver's License Number **A96236386107632**   33 DOB mm dd yyyy **07/17/1963**   34 Expires **07 22**

35 Owner's   First Name   Initial   Last Name
☒ Same As Driver   **RAFAEL**   **A**   **AYALA**   –

36 Number & Street **106 PLEASANT VIEW DRIVE**

37 City **PISCATAWAY**   State **NJ**   Zip **08854**

38 Make **LINC**   39 Model **MKC**   40 Color **MN**   41 Year **2017**   42 Plate No. **RUP57U**   43 State **NJ**

44 VIN **5LMCJ2D92HUL15930**   45 Expires **11 21**

45 Vehicle Removed To

☒ Driven   ☐ Towed Disabled   ☐ Towed Disabled & Impounded   ☐ Left At Scene   ☐ Towed Impounded

47 Authority   ☐ Owner   ☒ Driver   ☐ Police

48 Alcohol/Drug Test  Given: ☒ No ☐ Yes ☐ Refused   49 Hazardous Material ☒ None ☐ On Board ☐ Spill
Type: ☐ Breath ☐ Blood ☐ Urine   Hazard Class ___ Placard No. ___
Results: 0. ___ % ☐ Pending

50 Carrier No. ___   51 GVWR/GCWR   ☐ None   Weight <= 10,000 lbs / Weight 10,001-26,000 lbs / Weight >= 26,001 lbs
☐ USDOT ___   ☐ MC/MX ___

52 Motor Carrier or Government Entity

Number & Street

City   State   Zip

135 Damage To Other Property   ☐ Yes (If Yes, describe)   ☐ No

| Oper. | 136 Charge | 137 Summons No. | Oper. | 138 Charge | 139 Summons No. |
|---|---|---|---|---|---|
| | 140 Charge | 141 Summons No. | | 142 Charge | 143 Summons No. |

Names & Addresses of Occupants - If Deceased, Date & Time of Death

| | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | Name & Address |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A | V3 | 01 | – | 05 | 58 | M | – | – | – | 11 | 04 | – | – | RAFAEL A AYALA  106 PLEASANT VIEW DR, PISCATAWAY NJ 08854 |
| B | V3 | 02 | 01 | 05 | 56 | F | – | – | – | 11 | 04 | – | – | LORENA M DE AYALA  106 PLEASANT VIEW DR, PISCATAWAY NJ 08854 |
| C | | | | | | | | | | | | | | |
| D | | | | | | | | | | | | | | |

PAGE __3__ OF __3__

| New Jersey Police Crash Investigation Report | | Police Dept: **NJ STATE POLICE** | Code: **02** |
|---|---|---|---|
| | | Station: **B130** | Case No: **21R167990** |

(Refer to vehicle by number)

| | | Veh Occ | Pos In/On | Eject | Phys Cond | Age | Sex | Loc Inj | Type Inj | Ref Med | Equip Avail | Equip Used | Bag Dept | Hosp Code | Names & Addresses of Occupants - If Deceased, Date & Time of Death |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 90 | 91 | 92 | 93 | 94 | 95 | |
| A L L | E | | | | | | | | | | | | | | |
| I N V O L V E D | F | | | | | | | | | | | | | | |
| | G | | | | | | | | | | | | | | |
| | H | | | | | | | | | | | | | | |
| | I | | | | | | | | | | | | | | |
| | J | | | | | | | | | | | | | | |

144 Crash Diagram (NOT TO SCALE)



145 Crash Description/Narrative

On July 26th 2021, a three car motor vehicle crash occurred on the State Highway 440 in the area of milepost 0.01 Edison Township, Middlesex county. As a result, of the motor vehicle accident Driver #1 Terrance Irwin suffered fatal injuries.

Vehicle #1 was operated by Terrance Irwin who sustained fatal injuries as a result of this crash. Driver Irwin was the sole occupant of the vehicle. Vehicle #2 was driven by Dennis R. Brown whom was the sole occupant of the vehicle and was the sole occupant of the vehicle and was un injured in this crash. Vehicle #3 was driven by Rafael A. Ayala who was un injured in this crash. Vehicle #3 was also occupied by Lorena M. De Ayala who was un injured in this crash.

This crash is pending further investigation.

V2* Out of State Insurance 11770 GEICO

| 146 Officer's Signature | 147 Badge # | 148 Reviewer | Badge # | 149 Case Status |
|---|---|---|---|---|
| **ROBAINA, G** | **8660** | **RODRIGUEZ, D** | **7682** | ☒ Pending ☐ Complete |

EXHIBIT "B"

SCOTT G. LEONARD, ESQ- 044181996
**LEONARD LEGAL GROUP, LLC**
165 Washington Street
Morristown, New Jersey 07960
Tel. (973) 984-1414
Attorneys for Plaintiff(s)

| | |
|---|---|
| NATHAN ERWIN, Individually, and NATHAN ERWIN, as ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF TERRANCE ERWIN, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>DENNIS BROWN, ABC COMPANY 1-10 (said name being fictitious and unknown), JOHN DOES 1-10 (said names being fictitious and unknown),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: MIDDLESEX COUNTY DOCKET NO.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND DEMAND FOR CERTIFIED ANSWERS TO UNIFORM INTERROGATORIES AND OTHER RELATED DOCUMENTS WITHIN SIXTY (60) DAYS OF SERVICE OF THE WITHIN COMPLAINT, DEMAND FOR INSURANCE POLICIS, PURSUANT TO RULE 4:10-2(b), DESIGNATIOIN OF COUNSEL, CERTIFICATION** |

Plaintiff, NATHAN ERWIN, Individually, and NATHAN ERWIN, as ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF TERRANCE ERWIN, deceased, complaining of the above-named defendants, say as follows:

**FIRST COUNT**

1.      On or about July 26, 2021, the decedent, Terrance Erwin, was the operator of a motorcycle when she was involved in a crash with a tractor trailer truck on State Highway 440 in the area of milepost 0.01 in Edison Township, and State of New Jersey.

2.      At the time and place aforesaid, the defendants, DENNIS BROWN, and/or JOHN DOES 1-10 (said name being fictitious and unknown) and/or ABC COMPANY 1-10 (said name being fictitious and unknown), were the owner(s) of a truck and/or tractor and/or trailer which was

Page **1** of **10**

being operated by defendant, DENNIS BROWN, as agent, servant and employee, and with the consent and permission of defendants JOHN DOES 1-10 (said name being fictitious and unknown) and/or ABC COMPANY 1-10 (said name being fictitious and unknown) near plaintiff's motorcycle on State Highway 440 in the Township of Edison and State of New Jersey.

3.      At all times mentioned herein the defendants, DENNIS BROWN and/or JOHN DOES 1-10 (said name being fictitious and unknown) and/or ABC COMPANY 1-10 (said name being fictitious and unknown), were engaged in interstate transportation and/or interstate commerce and derived business activities within the state of New Jersey.

4.      At all times mentioned herein the defendants, DENNIS BROWN and/or JOHN DOES 1-10 (said name being fictitious and unknown) and/or ABC COMPANY 1-10 (said name being fictitious and unknown)  were assigned a US DOT number and/or a US MC (Motor Carrier) number.

5.      At present, the identities of defendants, JOHN DOES 1-10 and/or ABC COMPANY 1-10, are unknown.  As such, "JOHN DOES 1-10" and "ABC COMPANY 1-10" are a fictitious designation, representing one or more individuals, sole proprietorships, associations, limited partnerships, general partnerships, limited liability companies and/or corporations, which in any way owned, operated, possessed, controlled, entrusted, insured, hired, inspected, and/or maintained the tractor trailer which caused or contributed to the accident at issue herein, or who were otherwise responsible, in whole or in part, for the said accident and the death of TERRANCE ERWIN.

6.      At the time and place aforesaid, the defendant DENNIS BROWN, and/or JOHN DOES 1-10 (said name being fictitious and unknown) and/or ABC COMPANY 1-10 (said name

being fictitious and unknown), negligently owned, operated, maintained, insured, entrusted and/or hired for, their vehicles, so as to cause a collision, proximately causing the decedent, TERRANCE ERWIN, to sustain severe traumatic injuries and conscious pain and suffering which led to her eventual death.  Such negligent activities include but are not limited to the following:

(a)      Failing to comply with New Jersey laws requiring driver's education and licensing;

(b)      Failing to ensure that he had adequate line of sight of vehicles and obstructions in his path;

(c)      Failing to keep a proper lookout for warnings, for vehicles and obstructions;

(d)      Failing to ensure that he had adequate stopping distance to avoid hitting vehicles in front or next to him;

(e)      Failing to maintain his lane and failing to make proper observations;

(f)      Failing to ensure that he had adequate maneuvering room to change lanes so as to avoid hitting vehicles in his path of travel;

(g)      Driving at an excessive rate of speed;

(h)      Operating his vehicle without adequate training and experience;

(i)      Failing to make proper observations, pay attention to the road ahead and surrounding area and in otherwise being distracted;

(j)      Failing to be diligent at all times;

(k)      Failing to take proper evasive action to avoid the collision with the plaintiff's decedent;

(l)      Following too closely behind the vehicles in front of his;

(m)     Operating his vehicle in violation of hours of service rules pursuant to 49 CFR 395, et seq.;

(n)     Failing to record his duty status in duplicate, for a 24 hour period prior to the accident;

(o)     Failing to ensure, pursuant to 49 CFR 392.7, prior to operating his vehicle that the vehicle was in safe operating condition;

(p)     Operating a vehicle in violation of 49 CFR 392.3 when his ability or alertness is impaired likely to become so due to fatigue, illness or other causes;

(q)     Operating a vehicle in violation of 49 CPR 391.21 for failing to disclose to his employer all prior motor vehicle accidents for a period of three (3) years prior to the accident date;

(r)     Failing to be diligent at all times;

(s)     Failing to exercise due care for the circumstances;

(t)     Failing to use extreme caution in hazardous conditions;

(u)     Failing to take proper action once the impact occurred with plaintiff's decedent;

(v)     Failing to properly change lanes;

(w)     Failing to pay attention to the road ahead and surrounding areas;

(x)     In being otherwise careless, reckless and negligent.

7.  The accident in question and the injuries sustained by the decedent, TERRANCE ERWIN, related thereto, resulting in his death, did occur without any negligence on the part of the decedent, TERRANCE ERWIN, which would bar recovery against the defendants in the within cause of action.

8.  By reason of the aforesaid, the decedent, TERRANCE ERWIN, was severely and permanently injured, and ultimately died as a result of the accident and her estate was obliged to incur medical and funeral expenses related to her injuries, was incapacitated from working, and suffered great pain and anguish and conscious pain and suffering until the time of her death on July 26, 2021.

9.  The decedent, TERRANCE ERWIN, died intestate on July 26, 2021.

10.  The plaintiff, NATHAN ERWIN, the husband of the decedent was appointed by the Surrogate of Union County as Administrator and Administrator Ad Prosequendum of the Estate of the decedent, TERRANCE ERWIN on or about September 23, 2021.  Copies of the Testamentary Certificates of the Estate are annexed hereto at Exhibit "A".

11.  The decedent's, TERRANCE ERWIN, Estate representative NATHAN ERWIN is entitled to bring the within cause of action in accordance with the terms and provisions of N.J.S.A. 39:6A-8 (if applicable hereto)

WHEREFORE, the plaintiff, NATHAN ERWIN, INDIVIDUALLY, and as ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF TERRANCE ERWIN, deceased, hereby demands judgment against the defendants, DENNIS BROWN, ABC COMPANY 1-10, (said names being fictitious and unknown), and JOHN DOES 1-10 (said names being fictitious and unknown) jointly, severally or alternatively, individually, for damages, together with interest and cost of suit.

### COUNT TWO
### WRONGFUL DEATH (*N.J.S.A.* 2A:31-1 *et seq.*)

1.  The plaintiff, NATHAN ERWIN, INDIVIDUALLY, and as ADMINSITRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF TERRANCE

Page **5** of 10

ERWIN, deceased, repeats and realleges all of the allegations of the First Count and makes the same a part hereof as though set forth at length herein.

2.  There was at the time of the incident referred to herein in full force and effect in the State of New Jersey a Wrongful Death Statute, known and designated as N.J.S.A. 2A:31-1-6, and the plaintiff, NATHAN ERWIN, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF TERRANCE ERWIN, deceased brings the within action under the provisions thereof for the benefit of the next-of-kin and/or beneficiaries of said decedent.

3.  This action is commenced within two (2) years of the date of death of the decedent.

4.  As a direct and proximate result of the reckless, careless and negligent conduct of the defendants, DENNIS BROWN, ABC COMPANY 1-10, (said  names being fictitious and unknown), and JOHN DOES 1-10 (said names being fictitious and unknown) jointly, severally or alternatively, individually, the decedent, TERRANCE ERWIN was caused to sustain severe, and disabling permanent injuries resulting in her death on July 26, 2021, to the pecuniary disadvantage of her next-of-kin and/or beneficiaries.

5.  The decedent, TERRANCE ERWIN, left the following next-of-kin surviving her at the time of her death; her husband, NATHAN ERWIN; and her 3 children, SHANELLE DELFOSSE, DARCEL KNIGHT and MILTON MARCINI, and the decedent's survivors and next-of-kin have suffered pecuniary losses, and have been, and will in the future be deprived of the usual services, society, earnings, guidance, counseling, support and companionship of the decedent, TERRANCE ERWIN.

6.    The plaintiff, NATHAN ERWIN, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF TERRANCE ERWIN, deceased, makes a claim for the wrongful death of the decedent, TERRANCE ERWIN.

7.    The Estate of TERRANCE ERWIN, deceased, was obliged to incur medical and funeral expenses related to the injury and death of the decedent, TERRANCE ERWIN.

WHEREFORE, the plaintiff, NATHAN ERWIN, INDIVIDUALLY, and NATHAN ERWIN, ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF TERRANCE ERWIN, deceased, and the heirs and beneficiaries of the Estate of TERRANCE ERWIN hereby demand judgment against the defendants, DENNIS BROWN, ABC COMPANY 1-10, (said names being fictitious and unknown), and JOHN DOES 1-10 (said names being fictitious and unknown) jointly, severally or alternatively, individually, for damages, together with interest and cost of suit.

## COUNT THREE
## SURVIVAL ACT (*N.J.S.A.* 2A:15-3)

1.    Plaintiff, NATHAN ERWIN, Individually and NATHAN ERWIN, as ADMINSITRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF TERRANCE ERWIN, deceased, repeats and realleges all of the allegations of the preceding paragraphs as if fully set forth herein at length.

2.    Plaintiff NATHAN ERWIN, on behalf of Estate of TERRANCE ERWIN, deceased, seek damages compensable under the Survival Act, N.J.S.A. 2A:15-3 (or any successor statute) against the defendants DENNIS BROWN, ABC COMPANY 1-10, (said names being fictitious and unknown), and JOHN DOES 1-10 (said names being fictitious and unknown). Plaintiff NATHAN ERWIN, in his own right, seek damages compensable under the Survival Act, *N.J.S.A.* 2A:15-3 (or any successor statute) against the defendants DENNIS BROWN, ABC

COMPANY 1-10, (said names being fictitious and unknown), and JOHN DOES 1-10 (said names being fictitious and unknown).

3.      As a direct and proximate result of the negligence of defendants DENNIS BROWN, ABC COMPANY 1-10, (said names being fictitious and unknown), and JOHN DOES 1-10 (said names being fictitious and unknown) described herein, TERRANCE ERWIN, deceased, experienced severe injuries which caused her extreme conscious pain and suffering which ultimately led to her death.

4.      As a direct and proximate result of the negligence of defendant DENNIS BROWN, ABC COMPANY 1-10, (said names being fictitious and unknown), and JOHN DOES 1-10 (said names being fictitious and unknown), funeral services were held for decedent and substantial and reasonable expenses were incurred in connection therewith.

**WHEREFORE**, the plaintiff, NATHAN ERWIN Individually, and NATHAN ERWIN as ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF TERRANCE ERWIN, deceased, demands judgment against DENNIS BROWN, ABC COMPANY 1-10, (said names being fictitious and unknown), and JOHN DOES 1-10 (said names being fictitious and unknown), jointly, severally or alternatively, individually, for damages, together with interest and costs of suit, and all other relief as the Court deems equitable and just under the circumstances.

## <u>JURY DEMAND:</u>

Plaintiff(s) hereby demand(s) a Trial by jury on all issues set forth herein.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Scott G. Leonard, Esq. of the Law Firm of Leonard Legal Group, LLC., is hereby designated trial counsel on the within matter.

## CERTIFICATION OF OTHER ACTIONS/PARTIES

Pursuant to the provisions of Rule 4:5-1, the undersigned attorney certifies that this matter is not the subject of any other action pending in any court or arbitration proceeding, nor is any other action or arbitration proceeding contemplated, and all known necessary parties have been joined in this action.

LEONARD LEGAL GROUP, LLC
Attorneys for Plaintiffs

By: _____

Dated: February 28, 2022

SCOTT G. LEONARD, ESQ

## DEMAND FOR CERTIFIED ANSWERS TO UNIFORM INTERROGATORIES AND OTHER RELATED DOCUMENTS WITHIN SIXTY (60) DAYS OF SERVICE OF THE WITHIN COMPLAINT IN LIEU OF SERVICE OF SAME PURSUANT TO RULE 4:17-1,2 and 4 et seq. and DEMAND FOR INSURANCE POLICES PURSUANT TO RULE 4:10-2(b)

Pursuant to Rule 4:17-1, 2 and 4 et seq., the plaintiff hereby demands that the defendants upon whom this pleading is served, furnish fully responsive and certified answers to Uniform Interrogatories, Rules of Court, Appendix II, Form C and C1, together with the attachments required therein, within sixty (60) days of the service of the within Complaint, together with copies of the applicable insurance policies available to the defendants named herein pursuant to Rule 4:10-2(b).

## DEMAND FOR DISCOVERY OF INSURANCE COVERAGE

Pursuant to R. 4:10-2(b), demand is made that Defendant(s) disclose to plaintiff's attorney whether or not there are any insurance agreements or policies under which any person, company entity or firm may be liable to satisfy part or all of a judgment which may be entered in this action or indemnify or reimburse for payments made to satisfy the judgment and provide plaintiff's attorney with true copies of those insurance agreements or policies, including, but not limited to, any and all declaration sheets.  This demand shall include and cover not only primary coverage, but also any and all excess, catastrophe and umbrella policies.

LEONARD  LEGAL GROUP, LLC
Attorneys for Plaintiff(s)

By: _____
SCOTT G. LEONARD, ESQ

Dated: February 28, 2022

# Civil Case Information Statement

### Case Details: MIDDLESEX | Civil Part Docket# L-001044-22

**Case Caption:** ERWIN NATHAN  VS BROWN DENNIS

**Case Initiation Date:** 03/01/2022

**Attorney Name:** SCOTT GARY LEONARD

**Firm Name:** LEONARD LEGAL GROUP LLC

**Address:** 165 WASHINGTON STREET
MORRISTOWN NJ 07960

**Phone:** 9739841414

**Name of Party:** PLAINTIFF : Erwin, Nathan

**Name of Defendant's Primary Insurance Company**
**(if known):** PROGRESSIVE CASUALTYINS CO

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Nathan Erwin? NO**

**Are sexual abuse claims alleged by: Nathan Erwin? NO**

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/01/2022
Dated

/s/ SCOTT GARY LEONARD
Signed

EXHIBIT "C"

**Marc Jones**

| | |
|---|---|
| **From:** | Kristi Brown <kristib661@gmail.com> |
| **Sent:** | Wednesday, March 23, 2022 4:32 PM |
| **To:** | Marc Jones |
| **Subject:** | Dennis Brown |
| **Attachments:** | Image (72).jpg; Image (73).jpg; Image (74).jpg; Image (75).jpg; Image (76).jpg; Image (77).jpg; Image (78).jpg; Image (79).jpg; Image (80).jpg; Image (81).jpg; Image (82).jpg; Image (83).jpg; Image (84).jpg; Image (85).jpg; Image (86).jpg |

Attached are Civil Action papers.

EXHIBIT "D"

LEONARD LEGAL GROUP
Scott G. Leonard, Esq.- 044181996
165 Washington Street
Morristown, NJ 07960
Tel:     (973) 984-1414
Fax:     (973) 984-2599
Attorneys for Plaintiffs

| | |
|---|---|
| **NATHAN ERWIN, Individually, and NATHAN ERWIN, as ADMINISTRATOR AND ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF TERRANCE ERWIN, deceased,**<br><br>**Plaintiff,**<br><br>**Vs.**<br><br>**DENNIS BROWN, ABC COMPANY, 1-10 (said name being fictitious and unknown), JOHN DOES 1-10 (said names being fictitious and unknown),**<br><br>**Defendants.** | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MIDDLESEX COUNTY DOCKET NO.: MID-L-1044-22**<br><br>*CIVIL ACTION*<br><br>**STATEMENT OF DAMAGES** |

**TO**:     CIPRIANI & WERNER PC
            Attention: Marc R. Jones, Esq.
            155 Gaither Drive, Suite B
            Mount Laurel, NJ 08054
            Attorneys for defendants, Dennis Brown

COUNSEL:

        **PLEASE TAKE NOTICE** that Plaintiff demands damages in the sum of TEN MILLION

DOLLARS ($10,000,000.00).

                            **LEONARD LEGAL GROUP**
                            Attorneys for plaintiffs


                            *Scott Leonard, Esq.*
                    By: _____
                            SCOTT G. LEONARD, ESQ.

DATED: March 29, 2022

EXHIBIT "E"

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**(Newark Vicinage)**

|  |  |
|---|---|
| NATHAN ERWIN, individually, and NATHAN ERWIN as Administrator *ad Prosequendum* of the ESTATE OF TERRANCE ERWIN, <br><br> Plaintiff(s), <br><br> v. <br><br> DENNIS BROWN; ABC COMPANY (1-10); JOHN DOE(S) (1-10) (fictitious names), <br><br> Defendant(s). | Civil Action No.: |

### ANSWER AND DEFENSES OF DEFENDANT, DENNIS BROWN, TO PLAINTIFF(S)' COMPLAINT

Defendant, Dennis Brown (hereinafter referred to as "Defendant" or "Mr. Brown"), by way of Answer to the Plaintiff(s)' Complaint, hereby states:

### FIRST COUNT

1.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

2.      Admitted.

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof

is demanded at the time of trial.

6.      Denied.

        a.   Denied;

        b.   Denied;

        c.   Denied;

        d.   Denied;

        e.   Denied;

        f.   Denied;

        g.   Denied;

        h.   Denied;

        i.   Denied;

        j.   Denied;

        k.   Denied;

        l.   Denied;

        m.  Denied;

        n.   Denied;

        o.   Denied;

        p.   Denied;

        q.   Denied;

        r.   Denied;

        s.   Denied;

        t.   Denied;

        u.   Denied;

        v.   Denied;

        w.  Denied; and

        x.   Denied.

7.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

11.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendant, Dennis Brown, hereby demands judgment against the Plaintiff(s) dismissing Plaintiff(s)' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiff(s) for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## COUNT TWO
### Wrongful Death (<u>N.J.S.A.</u> 2A:31-1, *et seq.*)

1.     Defendant hereby incorporates his answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3

3.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

4.      Denied.

5.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

7.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendant, Dennis Brown, hereby demands judgment against the Plaintiff(s) dismissing Plaintiff(s)' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiff(s) for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## COUNT THREE
### Survival Act (N.J.S.A. 2A:15-3)

1.      Defendant hereby incorporates his answers to the proceeding paragraphs of the Complaint as if set forth at length herein.

2.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

3.      Denied.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth

4

of the averments contained in this paragraph, and the same are accordingly denied and strict proof thereof is demanded at the time of trial.

     5.     Denied.

     **WHEREFORE,** Defendant, Dennis Brown, hereby demands judgment against the Plaintiff(s) dismissing Plaintiff(s)' Complaint with prejudice and respectfully requests that the Court enter a judgment in its favor and against the Plaintiff(s) for attorneys' fees and costs and any other relief that this Court deems just and appropriate.

## <u>SEPARATE DEFENSES</u>

     1.     The Complaint fails to state a claim upon which relief may be granted, and Defendant reserves the right to move to dismiss.

     2.     The Complaint is barred by the applicable statute of limitations and/or statute of repose governing such claims.

     3.     The incidents complained of were caused by third parties over whom Defendant had no control.

     4.     If Plaintiff(s) sustained injuries or damages, those injuries or damages were proximately caused by the superseding intervening actions of others.

     5.     Defendant breached no duty to any party herein.

     6.     Plaintiff(s)' claims are barred by the doctrine of laches.

     7.     Plaintiff(s)' claims are barred by the doctrine of waiver.

     8.     Plaintiff(s)' claims are barred by the doctrine of unclean hands.

     9.     Plaintiff(s)' claims are barred by the doctrine of estoppel.

     10.     Plaintiff(s)' claims are barred by the doctrine of joint enterprise.

     11.     Plaintiff(s)' claims are barred, in whole or in part, by the entire controversy doctrine.

     12.     Without admitting any liability herein, and without admitting that Plaintiff(s) have suffered any damages at all, Plaintiff(s) failed to take reasonable steps to mitigate damages, if any.

13.     Defendant complied with all applicable and existing state and federal statutes and regulations and industry standards.

14.     Plaintiff(s)' claims are barred or diminished and reduced by the doctrine of comparative negligence under the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1 *et seq.*

15.     Plaintiff(s)' claims are barred or diminished and reduced by the Collateral Source Rule, as set forth in N.J.S.A. 2A:15-97.

16.     Plaintiff(s)' claims are barred, in whole or in part, because Plaintiff(s) lack the requisite standing to proceed with this litigation.

17.     This action is barred, in whole or in part, by Plaintiff(s)' failure to join a party without whom the action cannot proceed.

18.     Plaintiff(s)' claims are barred, in whole or in part, by Plaintiff(s)' failure to comply with any and all provisions of New Jersey's Motor Vehicle Codes.

19.     Defendant denies any claim for strict liability, if any.

20.     Defendant denies any claim for compensatory damages.

21.     Defendant denies any claim for punitive damages.

22.     Plaintiff(s)' claims are barred, in whole or in part, by accord and satisfaction.

23.     Defendant reserves the right to rely upon any and all defenses as afforded by New Jersey's Wrongful Death Statute, N.J.S.A. 2A:31-4, *et seq.* and/or New Jersey's Survival Act, N.J.S.A. 2A:31-1, *et seq.*

24.     Service of process was insufficient and/or improper and Plaintiff(s)' claims should be dismissed accordingly.

25.     Plaintiff(s)' claims are barred, in whole or in part, by F.R.C.P. 11 (b), and, as present, is frivolous, improper, intended to harass, is unwarranted, baseless and is lacking in evidentiary support, and, as a result, Defendants are entitled to sanctions.

## REQUEST FOR STATEMENT OF DAMAGES

1.      You are hereby requested and required to furnish to the undersigned within five (5) days, a written statement of the amount of damages claimed.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that Marc R. Jones, Esquire, is hereby designated as trial counsel in the above matter.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury as to all issues.

## CERTIFICATION

The matter in controversy is not the subject to any other known action pending in any Court, or of a known or contemplated arbitration proceeding.  There are no other parties known who should be joined in this action at this time.

**CIPRIANI & WERNER, P.C.**

_____
MARC R. JONES, ESQUIRE (NJ#016022001)
Attorneys for Defendant – Dennis Brown
155 Gaither Drive – Suite B
Mount Laurel, NJ 08054
856-761-3800
mjones@c-wlaw.com


DATED:        March 31, 2022