NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NATHAN ERWIN, individually, and NATHAN ERWIN, as ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF TERRANCE ERWIN, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>DENNIS BROWN, ABC COMPANY 1-10 (said name being fictitious and unknown), JOHN DOES 1-10 (said names being fictitious and unknown),<br><br>Defendants. | Case No. 22cv1794 (EP) (JBC)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

This matter comes before the Court by way of Plaintiff's motion for leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a) to join a party, Rafael A. Ayala, as a defendant, and to remand this case to the Superior Court of New Jersey, County of Middlesex, D.E. 13. Defendants did not file a brief in opposition. Thus, the Court considers Plaintiff's motion unopposed.

Under Fed. R. Civ. P. 15(a), leave to amend is generally granted liberally. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Therefore, in the absence of undue prejudice, unfair prejudice, futility, motions to amend are granted. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006); *Otsuka Pharm. Co., LTD. v. Torrent Pharms. Ltd., Inc.*, 99 F. Supp. 3d 461, 472-73 (D.N.J. 2015). Here, Plaintiff asserts that its

proposal to join Rafael A. Ayala as a defendant is based on recently acquired information that he was directly involved in the accident that resulted in the death of Terrance Erwin, the decedent. D.E. 13 at 8.  By virtue of failing to oppose Plaintiff's motion, Defendants have not raised any reasons why equitable considerations would render granting the motion unjust.

But this case is before this Court on the basis of diversity jurisdiction, D.E. 1.  Thus, with the joinder of Rafael A. Ayala, a New Jersey resident, as a defendant, diversity jurisdiction would no longer exist.  Where the joinder of a non-diverse party requires remand of a case, the Court must give careful consideration in whether to grant the amendment.

To determine whether joinder of a non-diverse party should be permitted, Courts in this Circuit regularly apply the factors set forth by the Fifth Circuit in *Hensgens v. Deere Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851 (1989).  *See, e.g.*, *Midthassel v. Aramark Corp.*, 2010 U.S. Dist. LEXIS 59324 (D.N.J. June 15, 2010).  The *Hensgens* factors are: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.  *See Hensgens*, 833 F.2d at 1182.

The Court now considers the *Hensgens* factors with respect to Plaintiff's motion.  The first *Hensgens* factor is whether the purpose of the amendment is to defeat federal jurisdiction, or if Plaintiff has legitimate reasons for the amendment.  *Jordan v. AlliedBarton Sec. Servs.*, 2010 U.S. Dist. LEXIS 119408, at *9 (D.N.J. Nov. 9, 2010).  "Generally, if a proposed claim is viable, and there is genuine intent to prosecute the claim in good faith, the primary purpose of joinder is not to defeat federal jurisdiction." *City of Perth Amboy v. Saveco Ins. Co.*, 539 F. Supp. 2d 742, 754 (D.N.J. 2008).

Here, Plaintiff asserts that he has a legitimate reason for adding a non-diverse defendant: comprehensively and efficiently litigating his claims in a single forum. D.E. 13 at 12. Because the claims against Rafael A. Ayala arise out of and are based on the same set of facts and circumstances as those relevant to Defendant, it is plausible that the two individuals may eventually be found jointly and severally liable. *See Bayonne Med. Realty, LLC v. Citizens Ins. Co. of America*, 2008 WL 2945970 (D.N.J. July 30, 2008) (finding plaintiff's primary intent in adding non-diverse parties was efficiency in litigating its claims and not destroying diversity). Thus, the Court finds Plaintiff has a legitimate reason for seeking to add a non-diverse defendant.

The second *Hensgens* factor is whether Plaintiff has been dilatory in asking for amendment. *Jordan*, 2010 U.S. Dist. LEXIS 119408, at *10-11. Plaintiff asserts that he was unaware at the time of the accident that Rafael A. Ayala had struck the decedent in the course of the accident, but that Plaintiff preserved his right to name Ayala by naming John Doe defendants, and that with additional information Plaintiff has now ascertained that Ayala should be named as a defendant. D.E. 13 at 17. Additionally, discovery is not yet complete. The Court does not find that Plaintiff has been dilatory.

The third *Hensgens* factor is whether Plaintiff will be significantly injured if amendment is not permitted. *Jordan*, 2010 U.S. Dist. LEXIS 119408, at *12-13. Plaintiff asserts that he would be economically prejudiced if amendment is not permitted because he will be required to litigate two forums for complete relief. D.E. 17. In *Bayonne Med. Realty, LLC*, the court found that maintaining two separate actions involving intersecting facts, documents, and issues in two different forums imposes an economic burden on a plaintiff. 2008 WL 295470, at *4. Here, Plaintiff also asserts that he would be legally prejudiced if amendment is not permitted because there is a genuine risk of inconsistent ruling and findings if he is required to litigate in two

forums.  D.E. 18.  In *Perth Amboy*, the court found that where joint and several liability exists between a proposed defendant and another defendant, then there is a genuine risk of conflicting findings and rulings if the proposed defendant is not joined.  539 F. Supp. 2d at 749.  The Court agrees that this factor weighs in favor of Plaintiff for the reasons he asserts.

The fourth *Hensgens* factor requires the Court to consider whether any other factors exist that have a bearing on the equities.  *Jones*, 2010 U.S. Dist. LEXIS 119408, at *13-14.  Plaintiff asserts that judicial economy and efficiency weight in favor of Plaintiff.  D.E. 13 at 18.  The Court agrees because if this case is remanded to state court, Plaintiff may seek relief in one single forum.

Having considered the *Hensgens* factors and finding that they weigh in favor of permitting joinder of Rafael A. Ayala, a New Jersey resident, the Court will permit his joinder and remand this case to state court.

**IT IS** on this 28th day of October, 2022;

**ORDERED** that Plaintiff's motion for leave to amend the complaint, D.E. 13, is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion to remand this case to the Superior Court of New Jersey, County of Middlesex, D.E. 13, is **GRANTED**; and it is finally

**ORDERED** that the Clerk of Court shall terminate the pending motion for leave to amend and remand, D.E. 13, and **CLOSE** this case upon remand to the Superior Court of New Jersey, County of Middlesex.

Dated: October 28, 2022

_____
Hon. Evelyn Padin, U.S.D.J.